IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

---

**ELIZABETH LONE EAGLE, et al.,**

        Plaintiffs,

v.

**SOUTH DAKOTA BOARD OF MINERALS AND ENVIRONMENT, et al.,**

        Defendants.

Case No.: 5:26-cv-5068-RAL

---

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING TEMPORARY RESTRAINING ORDER AND NOTICE OF SUPPLEMENTAL FILING OF JOINDER OF PLAINTIFFS

---

### I. INTRODUCTION

Plaintiff Elizabeth Lone Eagle respectfully moves this Court to reconsider its May 21, 2026 Order Denying Request for Temporary Restraining Order in light of the following material developments that directly address the grounds on which the Court denied the TRO.

First, the remaining plaintiffs named in the Complaint — Helen Red Feather, Beverly Larson, Ruddell Bear Shirt, Seth Eagle Bear Jr., Darlene Hawk Wing, and Cheryl Angel — have executed a Supplemental Joinder of Plaintiffs, filed contemporaneously with this motion, in which each individually joins this action, signs the Complaint, and asserts their own claims in their own right. Each is a pro se intervenor in EXNI 453. Each has a direct, concrete, particularized injury from the denial of adequate Lakota language interpretation and translation services.

Second, Plaintiff Lone Eagle was unable to file the Supplemental Joinder before the Court issued its May 21, 2026 Order due to the constraints on pro se litigants' electronic filing access in this district. The Supplemental Joinder was completed and executed on May 20, 2026 — the day the Complaint was filed — and is notarized in Fall River County, South Dakota, establishing that it existed prior to this Court's Order. Plaintiff Lone Eagle does not yet have CM/ECF electronic filing privileges, which required her to file all documents through physical submission to the Clerk's Office. That constraint — not any failure of diligence — is the reason the Supplemental Joinder was not before the Court when it ruled.

Third, while the South Dakota Board of Minerals and Environment has adjourned the EXNI 453 hearing until further notice in apparent response to this legal action, no formal order is in place to prevent the hearing from resuming at any time. The Board's voluntary adjournment is not a substitute for judicial relief. Without a restraining order, nothing prevents the resumption of proceedings that continue to violate the civil rights of the newly joined plaintiffs.

## II. THE SUPPLEMENTAL JOINDER DIRECTLY CURES THE GROUNDS FOR DENIAL

The Court's Order denied the TRO on two grounds: (1) that Plaintiff Lone Eagle, as a second-language Lakota learner, had not alleged a particularized injury to herself from the language access failure; and (2) that a pro se plaintiff cannot assert claims on behalf of others, and the other named plaintiffs had not signed the Complaint.

The Supplemental Joinder, filed herewith, directly addresses both grounds. Each of the newly joined plaintiffs is a Lakota first-language speaker. Each was denied meaningful participation in the EXNI 453 hearing due to the failure to provide adequate interpretation and translation services. Each missed every pre-hearing deadline because interpretation and translation services were withheld throughout the entire pre-hearing period. Each sat in the Mueller Civic Center on May 18 and May 19, 2026, unable to meaningfully understand testimony, exhibits, and procedural rulings in a proceeding that directly affects their land, water, and sacred cultural sites.

The injuries alleged are not generalized grievances. They are concrete, particularized, and personal to each plaintiff in the most direct and immediate way possible. These are the people the Complaint was written to protect. They have now signed it. They are before this Court in their own right.

## III. THE BOARD'S VOLUNTARY ADJOURNMENT DOES NOT MOOT THE REQUEST FOR A TRO

Following the filing of this action, the South Dakota Board of Minerals and Environment adjourned the EXNI 453 hearing until further notice. Plaintiffs acknowledge this development. However, voluntary cessation of challenged conduct does not moot a request for injunctive relief.

*City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982) ("A defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice."). The standard for mootness based on voluntary cessation is demanding: the defendant must demonstrate that "it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 190 (2000).

The Board has not represented that the hearing will not resume. It has not represented that adequate interpretation and translation services will be in place when it does. It has adjourned — nothing more. The civil rights violations documented in the Complaint did not cease to exist because the hearing was paused. They will resume the moment the hearing does, unless this Court issues an order requiring that constitutionally adequate services be in place before proceedings continue.

The newly joined plaintiffs — first-language Lakota speakers who cannot meaningfully participate in these proceedings without adequate interpretation and translation — face exactly that threat of ongoing and imminent harm. A TRO is the appropriate remedy.


## IV. THE DATAPHASE FACTORS FAVOR THE NEWLY JOINED PLAINTIFFS

As the Court noted in its Order, the *Dataphase* factors govern the TRO analysis: (1) likelihood of success on the merits; (2) threat of irreparable harm; (3) balance of equities; and (4) public interest. *Powell v. Ryan*, 855 F.3d 899, 902 (8th Cir. 2017).

**Likelihood of success:** The newly joined plaintiffs are first-language Lakota speakers who were denied interpretation and translation services from August 2025 through the eve of the May 18 hearing — a denial so plainly wrong that the South Dakota Legislature passed a law in direct response to it, and the Board itself voted 8-0 to reverse it. The state's own official record — its meeting minutes — use the word "Translation Services" as the caption for the Board's remedial vote. The constitutional authority for the claims is well-established. *Lau v. Nichols*, 414 U.S. 563 (1974); *Goldberg v. Kelly*, 397 U.S. 254 (1970); *Mathews v. Eldridge*, 424 U.S. 319 (1976).

**Irreparable harm:** Every day the hearing proceeds without adequate interpretation and translation services, these plaintiffs lose testimony opportunities that cannot be restored, cross-examination opportunities that cannot be recovered, and their ability to meaningfully contribute to an evidentiary record that will determine the fate of land and water sacred to them and their communities. That harm is irreparable by definition — no appeal can restore what is lost in a live hearing.

**Balance of equities:** A brief stay pending adequate services imposes administrative inconvenience on Defendants. Failure to stay imposes permanent constitutional injury on elderly Lakota elders from Wounded Knee. The equities are not close.

**Public interest:** The South Dakota Legislature and the Governor of South Dakota have both declared, through the passage and signing of Helen's Law — HB 1219 — that language access in administrative proceedings is in the public interest. The Board declared the same in its 8-0 vote on March 18, 2026. The public interest strongly favors ensuring that this proceeding is conducted in compliance with the constitutional and statutory framework that three separate branches of South Dakota government have now recognized as controlling.

## V. RELIEF REQUESTED

Plaintiff Elizabeth Lone Eagle, joined by the newly added plaintiffs filed herewith, respectfully requests that this Court:

A. Reconsider its May 21, 2026 Order Denying Request for Temporary Restraining Order in light of the Supplemental Joinder of Plaintiffs filed herewith;

B. Issue a Temporary Restraining Order staying all proceedings in EXNI 453 until Defendants demonstrate that the following conditions have been met: (1) all documents submitted in the proceeding have been translated into Lakota and provided to the Lakota first-language speaking plaintiffs, including audio recordings of those translations for plaintiffs for whom Lakota is a spoken but not written language, as Lakota was not historically a written language in the same sense as English; (2) the Lakota first-language speaking plaintiffs have been afforded adequate time to review all translated materials and audio recordings and to prepare and file their own submissions in the proceeding; (3) the Lakota first-language speaking plaintiffs are able to participate on equal footing with all other parties; and (4) constitutionally adequate Lakota language interpretation and translation services are confirmed in place for all remaining hearing days — only upon satisfaction of each of the foregoing conditions may any further EXNI 453 hearing dates recommence;

C. Set an expedited briefing schedule and hearing on Plaintiffs' request for a Preliminary Injunction; and

D. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Elizabeth Lone Eagle

Pro Se Plaintiff

7958 Lakota Prairie Drive, Apartment 53

Kyle, SD 57752

bridgeradvocate@gmail.com

605-200-6800


Dated: May 22, 2026