UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ELIZABETH LONE EAGLE,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH DAKOTA BOARD OF MINERALS AND ENVIRONMENT, SOUTH DAKOTA DEPARTMENT OF AGRICULTURE AND NATURAL RESOURCES, BOB MORRIS, IN HIS OFFICIAL CAPACITY AS HEARING OFFICER; DAVID MCVEY, IN HIS OFFICIAL CAPACITY AS LEGAL ADVISOR TO THE BOARD OF MINERALS AND ENVIRONMENT; MIKE LEES, IN HIS OFFICIAL CAPACITY AS MINERALS, MINING, AND SUPERFUND PROGRAM ADMINISTRATOR; HUNTER ROBERTS, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF AGRICULTURE AND NATURAL RESOURCES; AND CLEAN NUCLEAR ENERGY CORPORATION, AS REAL PARTY IN INTEREST;<br><br>Defendants. | 5:26-CV-05068-RAL<br><br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND EXTENDING TIME TO FILE AMENDED COMPLAINT |

Plaintiff Elizabeth Lone Eagle has filed a motion for reconsideration of this Court's recent Opinion and Order denying Lone Eagle's request for a temporary restraining order. Doc. 10. Although Lone Eagle points to the recent joinder of six pro se plaintiffs as a change in relevant facts, only Lone Eagle signed the motion for reconsideration. See id. at 1, 5. For the following

1

reasons, the motion for reconsideration is denied, but this Court extends time for all plaintiffs to file an amended complaint under Fed. R. Civ. P. 15(a)(1)(A).

## I.      Background

Much of the relevant factual and procedural background was already explained by this Court in its previous Opinion and Order Denying the Request for a Temporary Restraining Order. See Doc. 6. In short, Lone Eagle alleges that the South Dakota Board of Minerals and Environment are denying first-language Lakota speakers the right to participate meaningfully in a hearing on permit application EXNI 453 for mining in the sacred Black Hills by failing to provide translation services. Doc. 1. As explained in that opinion, Lone Eagle cannot assert claims on behalf of others as a pro se litigant, and Lone Eagle's allegations do not establish that she has suffered an injury in fact conferring standing to seek injunctive relief, so Lone Eagle did not have Article III standing to seek a temporary restraining order. Doc. 6 at 10–11. The day after this Court's opinion was filed, on May 22, 2026, Lone Eagle filed a number of proof of service documents, which included attestations of service on Defendants by personal service or certified mail. See Docs. 7, 8, 9; see also Hansen v. Wetz, No. 5:25-CV-05011, 2025 WL 1796029, at *2–3 (D.S.D. June 25, 2025) (reviewing requirements for proper service by certified mail under South Dakota law). Additionally, Lone Eagle filed a motion for reconsideration, Doc. 10, and Cheryl Angel, Ruddell Bear Shirt, Seth Eagle Bear, Darlene Hawk Wing, Beverly Larson, Elizabeth Lone Eagle, and Helen Red Feather signed a notice of joinder and supplement to the Complaint, Doc. 11, but they did not file an amended complaint. Lone Eagle also attached to her motion for reconsideration a brief of amici curiae. See Doc. 10-1.

## II.    Legal Standard

Lone Eagle does not cite a legal basis for her motion for reconsideration, but this Court liberally construes her motion as filed under Federal Rule of Civil Procedure 54(b).  See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).  Under Federal Rule of Civil Procedure 54(b), "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  "[A] motion for reconsideration serves the limited function 'to correct manifest errors of law or fact or to present newly discovered evidence.'"  Woodward v. Credit Serv. Int'l Corp., 132 F.4th 1047, 1058 (8th Cir. 2025).(quoting Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988)); see also id. (affirming district court's denial of a motion for reconsideration where the "request 'identifies no *manifest* errors of law or fact' and merely reargued matters the district court had already considered and rejected"); Preston v. City of Pleasant Hill, 642 F.3d 646, 652 (8th Cir. 2011) (affirming district court's denial of motion to reconsider in part because its purpose of "repeating arguments the district court had already rejected" was improper).  A motion to reconsider under Rule 54(b) "is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending," Julianello v. K-V Pharm. Co., 791 F.3d 915, 923 (8th Cir. 2015), and it should not "serve as the occasion to tender new legal theories for the first time," Hagerman, 839 F.2d at 414 (citation omitted).  "A district court does not abuse its discretion in

3

denying a motion for reconsideration used for [] an 'impermissible purpose.'" SPV-LS, LLC v. Transamerica Life Ins., 912 F.3d 1106, 1111 (8th Cir. 2019) (citation omitted).

### III.    Discussion

Lone Eagle highlights two changes that warrant reconsideration of this Court's denial of her previous request for a temporary restraining order: (1) the newly-joined plaintiffs are Lakota first-language speakers denied meaningful participation in the EXNI hearing, and (2) the South Dakota Board of Minerals and Environment has adjourned the hearings until further notice with no formal order in place. Doc. 10 at 1–2.

The notice of joinder is not a "manifest error" of law or fact that warrants reconsideration of this Court's denial of the request for the temporary restraining order because Lone Eagle and the other individuals listed in the notice of joinder have not filed an amended complaint signed by all of the Plaintiffs. Again, as explained in the last opinion, Lone Eagle is a pro se plaintiff, and she is the only one to have signed the Complaint, and now the motion for reconsideration. Doc. 1 at 16; Doc. 10 at 5. "Under Rule 11(a) of the Federal Rules of Civil Procedure, each pro se party in the case must sign the complaint in order to properly bring this action before the Court." Monroe v. Yankton Sioux Hous. Auth., No. 4:25-CV-04113, 2025 WL 1795824, at *2 (D.S.D. June 30, 2025) (quoting Clay v. Purkett, No. 06-CV-1859, 2007 WL 107758, at *1 (E.D. Mo. Jan. 9, 2007)); see also Ortiz-Diaz v. Social Sec., No. 17-CV-7532, 2018 WL 791256, at *2 (E.D.N.Y. Feb. 7, 2018) (citing Rule 11(a) for the proposition that "[a]ll pro se plaintiffs in a lawsuit must sign the complaint"). Further, as a pro se plaintiff, Lone Eagle cannot bring claims or litigate on behalf of others. See Johnson v. Precythe, No. 2:19-CV-00010, 2019 WL 931925, at *1 (E.D. Mo. Feb. 26, 2019).

4

This problem can be solved either by all six Lakota-speaking elders signing an amended complaint or the hiring of counsel to represent the group to file an amended complaint. Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it . . . ." Fed. R. Civ. P. 15(a)(1)(A). Lone Eagle served the Complaint no earlier than May 20, 2026, and so she is still within the 21-day window to file an amended complaint as a matter of course without seeking permission from opposing parties or this Court. See Fed. R. Civ. P. 15(a)(1)–(2). As an amended complaint signed by all plaintiffs is not yet before this Court, the notice of joinder does not qualify as a manifest error of law or fact warranting reconsideration of this Court's denial of the temporary restraining order. Woodward, 132 F.4th at 1058.

Neither does the additional development concerning the indefinite enjoinder of the hearings on EXNI move this Court to reconsider its decision denying the temporary restraining order. The focus in considering a temporary restraining order is whether the moving party "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b)(1)(A). The Defendants' indefinite pause of the EXNI hearing means that, at least for now, no "immediate and irreparable injury, loss, or damage" will result to Lone Eagle or the other individuals before the Defendants, some of which may now been served, can be heard in opposition. Lone Eagle's request for a temporary restraining order is a form of extraordinary injunctive relief, see Jackson v. Macalester Coll., 169 F. Supp. 3d 918, 921 (D. Minn. 2016) (observing "[i]njunctive relief is an extraordinary remedy" (citing Watkins, Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003)), which is unwarranted when the EXNI hearing is indefinitely paused. The facts currently before this Court do not qualify as a manifest

error of law or fact warranting reconsideration of this Court's denial of the temporary restraining order. Woodward, 132 F.4th at 1058.

Under Federal Rule of Civil Procedure 15(a)(1)(A), Lone Eagle, and the other Plaintiffs, may file an amended complaint as a matter of course within the prescribed 21-day window that is signed by all of the pro se litigants, and they may include in that amended complaint a request for a preliminary injunction under Federal Rule of Civil Procedure 65(a).

**IV.    Conclusion**

For the foregoing reasons, it is hereby

ORDERED that Lone Eagle's Motion for Reconsideration, Doc. 10, is denied and that any party wishing to be a pro se plaintiff may file an amended complaint under Fed. R. Civ. P. 15(a)(1)(A) within 21 days of when Lone Eagle's pro se complaint was served.

DATED this 27th day of May, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

6