IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| Elizabeth Lone Eagle, | ) | Case No.  5:26-CV-05068 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **BRIEF IN SUPPORT OF** |
| South Dakota Board of Minerals and | ) | **MOTION TO DISMISS** |
| Environment, South Dakota Department of | ) | |
| Agriculture and Natural Resources, Bob Morris, | ) | |
| in his Official Capacity as Hearing Officer; David | ) | |
| McVey, in his Official Capacity as Legal Advisor | ) | |
| to the Board of Minerals and Environment; Mike | ) | |
| Lees, in his Official Capacity as Minerals, | ) | |
| Mining, and Superfund Program Administrator; | ) | |
| Hunter Roberts, in his Official Capacity as | ) | |
| Secretary of the Department of Agriculture and | | |
| Natural Resources; and Clean Nuclear Energy | | |
| Corporation, as Real Party in Interest, | | |
| | | |
| Defendants. | | |

Clean Nuclear Energy Corporation ("CNEC") by and through its attorney Matthew E. Naasz of Gunderson, Palmer, Nelson & Ashmore, LLP, respectfully submits this Brief in Support of Motion to Dismiss as this Court lacks jurisdiction to hear this matter due to Plaintiff's lack of standing. Additionally, CNEC has not been properly served in this matter. Alternatively, this court should abstain  from hearing this matter under the doctrine set out by the Supreme Court in *Younger v. Harris*, 401 U.S. 37. Defendant moves for dismissal of Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5) and 12(b)(6).

## INTRODUCTION

Plaintiffs' claims must be dismissed pursuant to Rules 12(b)(1), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Lone Eagle brings this action pro se on behalf of

other improperly named plaintiffs who have not signed the complaint. Plaintiff does not allege to have actually or imminently suffered a concrete and particularized injury that is redressable by this court, and so lacks standing to bring suit.

Additionally, CNEC has not been properly served in this matter.

Even if Plaintiff alleged an injury, and properly served CNEC, this Court should exercise its discretion to refuse jurisdiction in the interest of avoiding interference with state judicial proceedings and state administrative agency actions. The Board of Minerals and Environment is a state regulatory agency, and the EXNI 453 proceedings is an adjudicatory proceeding that implicates important state interests.

## BACKGROUND

Plaintiff makes a series of claims stemming from allegations of improper denial of interpreter services at CNEC's contested hearing for a uranium exploration permit in Fall River County, South Dakota. Doc. 1 ¶ 7 Plaintiff  is an intervenor is this state regulatory proceeding, EXNI 453, which is proceeding before the Board of Minerals and Environment (the "Board").

Beginning in August of 2025, Plaintiff alleges that she repeatedly requested interpretation services to be provided for Lakota first-language speaking intervenors and witnesses. *Id.* ¶ 29. Plaintiff alleges that on November 10, 2025, the Hearing Officer denied Plaintiff's motion for Lakota language interpretation and translation services. Plaintiff alleges that on March 18, the board voted to overturn the Hearing Officer's ruling and to provide interpretation service "as outlined in HB 1219."

In connection with these allegations, Plaintiff brings four causes of action: (1) a claim under 42 U.S.C. § 1983 for deprivation of due process by failing to provide adequate Lakota language translation services for Lakota first-language speakers; (2) a claim under Title VI of the

-2-

Civil Rights Act of 1964 alleging discrimination against Lakota first-language speakers; (3) a claim under the Equal Protection clause of the Fourteenth Amendment alleging disparate treatment based on national origin against Lakota first-language speakers; and (4) A claim under Title II of the Americans with Disabilities Act alleging denial of public services to individuals with hearing impairments due to failure to provide an "accessible transcript." *Id.* p. 13-14.

Plaintiff is a second-language Lakota learner and does not allege to suffer from any hearing disability. *Id.* ¶ 13.

This Court entered an Order denying Plaintiff's request for a Temporary Restraining Order. Doc. 6. In such Order, this Court determined that Plaintiff "has not satisfied her burden to demonstrate that the injuries alleged are particularized to her as opposed to a generalized grievance, Lone Eagle lacks Article III Standing[.] Doc. 6 at 11. This has not changed.

## ARGUMENT

I.  Pro Se Plaintiff Cannot Bring Claims on Behalf of Others.

Plaintiff Lone Eagle is a pro se plaintiff, and is the only plaintiff in this case to have signed the complaint. Doc. 1 at 16. Pro se plaintiffs may bring their own claims in federal court under 28 U.S.C. 1654, but "A nonlawyer…has no right to represent another entity…in a court of the United States." *Knoefler v. United Bank of Bismarck,* 20 F.3d 347, 348 (8th Cir. 1994); *see also Snow v. Known & Unknown L. Enf't Officers & Gov't Pers*, No. 5:24-CV-5089, 2025 WL 1779216, at \*2 (D.S.D. June 27, 2025) ("A pro se plaintiff has no right to represent another individual in federal court.") (citing *Steele v. City of Bemidji*, 257 F.3d 902, 905 (8th Cir. 2001)).

Federal Rule of Procedure 11(a) requires that "every pleading…must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is

unrepresented." All plaintiffs listed in the complaint other than Plaintiff Lone Eagle have not signed the pleading. Doc. 1 at 16.

Because Plaintiff Lone Eagle can only assert claims on her own behalf and no other Plaintiff has properly pleaded their own claims, this Court must consider only Plaintiff Lone Eagle's own alleged injuries-in-fact when determining whether she has standing to bring suit in this Court.

## II. Standing.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377. Article III of the United States Constitution grants federal courts only the power to hear "Cases" and  "Controversies." *Murthy v. Missouri*, 603 U.S. 43, 56 (2024). To establish standing, a plaintiff must show "(i) that she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024). Such an injury in fact must be concrete and particularized, meaning it "must be real and not abstract" and "must affect the plaintiff in a personal and individual way." *Id.* at 381.

"As the party invoking federal jurisdiction, the plaintiffs bear the burden of demonstrating that they have standing." *TransUnion LLC v. Ramirez,* 594 U.S. 413, 430–31 (2021). This requires a plaintiff to "demonstrate standing for each claim that they press and for each form of relief that they seek[.]" *Id.* at 431. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice …" *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561.

Plaintiff has failed to make any factual allegation that fulfills her burden of demonstrating standing for any one of her claims. Plaintiff has not pleaded to have personally suffered any injury. All but one of Plaintiff's claims only pertain to the ability of first-language Lakota learners to participate in the EXNI 453 hearing. As this Court has previously noted, Plaintiff Lone Eagle is not a first-language Lakota learner, and explicitly states that she is a Lakota second-language learner in the Complaint. Opinion and Order Denying Request for Temporary Restraining Order at 10; Doc. 1 ¶ 13. While it is possible some of the other improperly named plaintiffs may speak only or primarily Lakota, "one may not claim standing…to vindicate the constitutional rights of some third party." *Barrows v. Jackson*, 346 U.S. 249, 255 (1953).

Plaintiff's final claim, that the Board has failed to comply with the Americans With Disabilities Act by failing to provide accessible transcripts, fails to bear the burden of showing standing on the same grounds. Plaintiff does not allege to be hearing-impaired anywhere in her complaint, and so cannot have suffered an injury even if her allegations were taken to be true at this stage.

Plaintiff has not established standing to request the relief articulated in her Complaint. Twenty-one days have past since the ostensible service upon CNEC and no additional facts have been alleged to demonstrate standing by Plaintiff. *See* Fed. R. Civ. Pro. 15(a)(1)(A). As such, this matter must be dismissed.

III. <u>Improper Service of Process.</u>

The undersigned counsel for CNEC was hand-delivered a Summons in this matter on May 20, 2026. See Affidavit of Matthew E. Naasz. The return of Service on file in this matter confirms this. See Doc. 7 at page 2. This is not proper service on CNEC pursuant to Fed. R. Civ. Pro. 4(h). The registered agent for service of process is C T Corporation System, 319 S Coteau

St., Pierre, SD 57501-3187. *See* Affidavit of Matthew E. Naasz. "[A] federal court is without jurisdiction to render personal judgment against defendant if service of process is not made in accordance with applicable federal or state statutory requirements." *Sieg v. Karnes*, 693 F.2d 803, 807 (8th Cir. 1982).

IV.  This Court Should Abstain Under *Younger*

Abstention is a discretionary power of the federal courts that "is an exception to the general rule" that federal courts should resolve cases within their jurisdiction *Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 610 (8th. Cir. 2018). A variety of doctrines have been laid out to inform when this discretionary power should be exercised. The *Younger* doctrine "counsels federal-court abstention when there is a pending state proceeding:" *Moore v. Sims,* 442 U.S. 415, 423 (1979). *Younger* abstention is generally applied to state proceeding "akin to a criminal prosecution in important respects." *Sprint Communications Inc. v. Jacobs* 571 U.S. 69, 79 (2013) (citation omitted).

Under this line of cases, "[a]bstention is proper if there is an ongoing state judicial proceeding, the proceeding implicates important state interests, there is an adequate opportunity in the state proceedings to raise constitutional challenges, and in the absence of bad faith, harassment, or other exceptional circumstances." *Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999) (internal quotation removed). Judicial proceedings include administrative proceedings which are "judicial (as opposed to legislative) in nature" *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998).

*Younger* abstention is proper to avoid federal intrusion into "state criminal prosecutions…certain civil enforcement proceedings…and pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial

-6-

functions." *Sprint Communications Inc. v. Jacobs,* 571 U.S. 69, 78 (2013) (internal citations and quotations removed). The first and second *Sprint* categories plainly do not apply. However, this case fits squarely into the third category. The Eighth Circuit has not yet had opportunity to define the particulars of the category, but sister circuits have made clear where it does not apply: to cases where the plaintiff "does not seek to challenge any orders or judgements issued by a state court judge in pending litigation" and instead challenges issues "stemming from the functions of the administrative arms of the state courts." *Courthouse News Serv. v. New Mexico Admin. Office of Courts*, 53 F.4th 1245, 1257 (10th Cir. 2022). This case is the inverse of that situation.

The Plaintiff's claims directly concern the Board of Minerals and Environment's order to provide interpretation services during the hearing, Doc. 1. ¶ 34,  the Board's rulings on objections during the hearing,  *Id.* ¶ 48, and the Board's handling of claims of improper testifying by the interpreter *Id.* ¶ 51.  The issuing of pre-hearing orders and rulings on objections are core judicial functions as they are "normally performed by a judge." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Like in *Oglala Sioux Tribe v. Fleming*, plaintiffs seek to "dictate a host of procedural requirements for the ongoing state proceedings," but a federal court order "dictating what procedures must be used in an ongoing state proceeding would interfere with that proceeding by inhibiting the legitimate function of the individual state's judicial system." 904 F.3d 603, 611 (8th Cir. 2018) (internal quotations omitted).

It is undisputed that EXNI 453, a South Dakota administrative adjudicatory proceeding, is still ongoing, though it has been continued due to this federal litigation. The contested hearing implicates vital state interests in South Dakota's ability to regulate uranium exploration operations through adjudicatory proceedings in a way that preserves the environment, health, and economic welfare of the state and its citizens.

While it is true that Plaintiff asserts federal claims, state courts are competent to adjudicate federal constitutional claims. *Moore v. Sims,* 442 U.S. 415, 430. "When a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.* 481 U.S. 1, 15 (1987); *Oglala Sioux Tribe*, 904 F.3d at 613 (2018).

Plaintiff had and has ample opportunity to raise constitutional issues, both in the hearing itself as a party, and through future appeals through the state court system. Plaintiff in this case has not attempted to present her federal claims in state court, despite having the ability to do so. South Dakota law permits the appeal of the final decision of an administrative agency by any party. SDCL § 1-26-30.2. All intervenors in contested hearings are considered parties. SDCL § 1-26-17.1.  Nor has Plaintiff provided any evidence, or even allegations, that would demonstrate that South Dakota courts are unwilling to adjudicate her federal claims. As such she fails to meet the requirement of demonstrating "unambiguous authority" set out in *Pennzoil*.  "For *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in mid-process would demonstrate a lack of respect for the State as sovereign." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989).

Plaintiff does not allege "bad faith, harassment, or other exceptional circumstances" that would require the court to look past the reasons given above. *Yamaha Motor Corp., U.S.A.*, 179 F.3d at 602. Plaintiff's Complaint seeks to compel how the state Board of Minerals and Environment performs its judicial functions. As such, this Court should abstain from exercising jurisdiction over this matter.

## CONCLUSION

[1]For the reasons above, Defendant respectfully moves for this court to dismiss Plaintiff's complaint pursuant to rules 12(b)(1), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure and requests this Court abstain from exercising jurisdiction over this matter pursuant to *Younger*.

Dated:  June 12, 2026.

GUNDERSON, PALMER, NELSON
& ASHMORE, LLP

By:  */s/ Matthew E. Naasz*

Matthew E. Naasz
Attorneys for Clean Nuclear Energy Corp.,
506 Sixth Street
P.O. Box 8045
Rapid City, SD  57709
Telephone: (605) 342-1078
E-mail:  mnaasz@gpna.com

---

[1] During the 2026 legislative session, the South Dakota legislature adopted, and the Governor signed, SB 137. This legislation provides immunity for "protected public expression." The legislation also provides a fee shifting provision, including attorneys' fees and litigation expenses. In any future litigation challenging CNEC's communications in an administrative proceeding, the substantive rights and protections of this legislation (which becomes effective July 1, 2026) will need to be considered.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on June 12, 2026, a true and correct copy of **BRIEF IN SUPPORT OF MOTION TO DISMISS** was served electronically through the CM/ECF system on the following individuals:

Elizabeth Lone Eagle
Pro Se Plaintiff
7958 Lakota Prairie Drive, Apartment 53
Kyle, SD 57752
bridgeradvocate@gmail.com
(605) 200-6800

Amanda Miiller
Deputy Attorney General
1302 E. SD Hwy 1889, Suite 1
Pierre, SD 57501-8501
amanda.miiller@state.sd.us
(605) 773-3215
*Attorneys for Mike Lees and  David McVey*

By:  */s/ Matthew E. Naasz*
          Matthew E. Naasz