UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ELIZABETH LONE EAGLE,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH DAKOTA BOARD OF MINERALS AND ENVIRONMENT, SOUTH DAKOTA DEPARTMENT OF AGRICULTURE AND NATURAL RESOURCES, BOB MORRIS, IN HIS OFFICIAL CAPACITY AS HEARING OFFICER; DAVID MCVEY, IN HIS OFFICIAL CAPACITY AS LEGAL ADVISOR TO THE BOARD OF MINERALS AND ENVIRONMENT; MIKE LEES, IN HIS OFFICIAL CAPACITY AS MINERALS, MINING, AND SUPERFUND PROGRAM ADMINISTRATOR; HUNTER ROBERTS, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF AGRICULTURE AND NATURAL RESOURCES; AND CLEAN NUCLEAR ENERGY CORPORATION, AS REAL PARTY IN INTEREST;<br><br>Defendants. | 5:26-CV-05068-RAL<br><br><br>OPINION AND ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION |

On May 20, 2026, Plaintiff Elizabeth Lone Eagle filed a Complaint alleging, in short, that the South Dakota Board of Minerals and Environment are denying first-language Lakota speakers the right to participate meaningfully in a hearing on permit application EXNI 453 for mining in the sacred Black Hills by failing to provide adequate translation services. Doc. 1. Lone Eagle further requested a Temporary Restraining Order. See Doc. 6. This Court denied that request and

1

explained that Lone Eagle cannot assert claims on behalf of others as a pro se litigant, and Lone Eagle's allegations do not establish that she has suffered an injury in fact conferring standing to seek injunctive relief, so Lone Eagle did not have Article III standing to seek a temporary restraining order. Doc. 6 at 10–11.

Lone Eagle then filed a motion for reconsideration, Doc. 10, and Cheryl Angel, Ruddell Bear Shirt, Seth Eagle Bear, Darlene Hawk Wing, Beverly Larson, and Helen Red Feather, who are the Lakota elders that Lone Eagle has advocated on behalf of, signed a notice of joinder, Doc. 11. No amended complaint was filed formally adding those individuals, however. Lone Eagle notified this Court that the South Dakota Board of Minerals and Environment has adjourned the hearings until further notice with no formal order in place. Doc. 10 at 1–2.

In its Order Denying the Motion for Reconsideration, this Court explained the issues with the Complaint "can be solved either by all six Lakota-speaking elders signing an amended complaint or the hiring of counsel to represent the group to file an amended complaint." Doc. 12 at 5. Given Lone Eagle's filings on affidavits of service, this Court observed that Lone Eagle appeared to have served "the Complaint no earlier than May 20, 2026, and so she is still within the 21-day window to file an amended complaint as a matter of course without seeking permission from opposing parties or this Court." Id. (citing Fed. R. Civ. P. 15(a)(1)–(2)).[1] That 21-day window has now passed.

Since this Court's order on the motion for consideration, some of the defendants have filed motions that are still pending, including one motion to quash filed by Mike Lees and David McVey on June 3, 2026, and one motion to dismiss by Clear Nuclear Energy Cooperation on June 12,

---

[1] This Court notes that the Defendants are contesting the propriety of that service. See Docs. 15, 22.

2026. See Docs. 15, 22. This Court also granted the defendants' request to stay answering the Complaint until an amended complaint had been filed. Doc. 21.

Recently, despite not having been added as plaintiffs through the filing of an amended complaint, Ruddell Bear Shirt, Seth Eagle Bear, Darlene Hawk Wing, Beverly Larson, and Helen Red Feather have filed pro se motions for an interpreter and translation services in this case and a motion to appoint counsel. See Docs. 26, 27.[2] The motion requesting an interpreter informed this Court that "on May 23, 2026, Elizabeth Lone Eagle's husband, Bud Lone Eagle Sr., suffered a massive stroke," and that Lone Eagle "is with him as he undergoes rehabilitative services for his recovery." Doc. 26 at 1.

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" Murthy v. Missouri, 603 U.S. 43, 56 (2024); see also Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408 (2013). Federal courts do not "operate as an open forum for citizens 'to press general complaints about the way in which government goes about its business.'" FDA v. All. for Hippocratic Med., 602 U.S. 367, 379 (2024) (quoting Allen v. Wright, 468 U.S. 737, 760 (1984)). Courts implement this limit through different justiciability doctrines, including standing and ripeness. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006). Standing is jurisdictional, requiring a federal court to consider all standing defects, even those parties may overlook. See Young Am.'s Found. v. Kaler, 14 F.4th 879, 887 (8th Cir. 2021) (requiring the court to raise the "threshold issue" of standing "sua sponte if need be" (cleaned up and citations omitted)). Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." As reviewed by then-Judge Ketanji Brown Jackson, "[a]lthough pro se complaints must be liberally construed, . . . .

---

[2] This Court observes that both motions were filed in English.

3

even a pro se plaintiff must meet his burden of proving that the Court has subject matter jurisdiction over the claims, including when the court raises the issue sua sponte." Fontaine v. JPMorgan Chase Bank, N.A., 42 F. Supp. 3d 102, 106 (D.D.C. 2014) (Brown Jackson, J.).

In addition, "[a] district court may sua sponte dismiss an action under Federal Rule of Civil Procedure 41(b) for the plaintiff's failure to comply with a court order." Royster v. Darling, 195 F. App'x 537, 538 (8th Cir. 2006) (per curiam) (citing Brown v. Frey, 806 F.2d 801, 803 (8th Cir. 1986)). "The district court need only find that the plaintiff acted deliberately rather than accidentally, and need not find bad faith." Id. (citing Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256, 1260 (8th Cir. 1997)).

As reviewed extensively in this Court's Order denying Lone Eagle's Request for Temporary Injunction, Lone Eagle does not have standing to request the remedies sought in her Complaint, all of which stem from Lakota elders' difficulties, and not Lone Eagle's difficulties, in understanding and participating in state administrative proceedings.[3] See Doc. 6. This Court has directed Lone Eagle to file an amended complaint several times to fix these jurisdictional issues it has identified. Docs. 6, 12; see also Doc. 21 (enlarging time for answer until Lone Eagle had filed an amended complaint). Further, the information submitted in the third-party motion for an

---

[3] While a federal court's obligation to hear and decide a case is "virtually unflagging," federal courts apply judicially-created abstention doctrines in specific, limited circumstances. Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 73 (2013). See generally R.R. Comm'n v. Pullman Co., 312 U.S. 496 (1941) (abstention appropriate where a challenged state statute is susceptible of a construction by the state court that would modify or avoid a federal constitutional question ("Pullman abstention")); Colo. River, 424 U.S. at 817–20 (abstention appropriate to avoid duplicative litigation ("Colorado River abstention")); Burford v. Sun Oil Co., 319 U.S. 315 (1943) (abstention appropriate to avoid needless conflict in administration of state affairs ("Burford abstention")); Younger v. Harris, 401 U.S. 37 (1971) (abstention appropriate to avoid intrusion on state enforcement of state laws in state courts ("Younger abstention")). There may be potential Burford abstention issues here, but it is not necessary to decide this case on abstention grounds given the standing issues present.

4

interpreter suggests that Lone Eagle is no longer prosecuting this case further given her understandable, unforeseen obligations following her husband's recent medical emergency. See Doc. 26 at 2 ("We also want the Court to know that on May 23, 2026, Elizabeth Lone Eagle's husband, Bud Lone Eagle Sr., suffered a massive stroke. . . . Elizabeth is with him as he undergoes rehabilitative services for his recovery.").

Under Rule 15, a party may "amend its pleading once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Following these time periods identified by this Court in this order and previous orders, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Despite the directions to file an amended complaint, Lone Eagle still has not filed an amended complaint. More than 21 days have now passed since Lone Eagle appeared to have served the Complaint when Lone Eagle still could have "file[d] an amended complaint as a matter of course without seeking permission from opposing parties or this Court." Doc. 12 at 5 (citing Fed. R. Civ. P. 15(a)(1)–(2)). More than 21 days have passed since the filing of Clear Nuclear Energy Corporation's motion to dismiss under Rules 12(b)(1), 12(b)(5), and 12(b)(6). Doc. 22. And almost two months have passed since this Court first concluded Lone Eagle did not have standing to seek the relief she requests in her Complaint based on her allegations. Doc. 6.

In the interests of judicial economy and because this Court lacks subject matter jurisdiction over Lone Eagle's claims for injunctive relief in her Complaint as she does not have standing to bring those claims, the Complaint must be dismissed. See Fed. R. Civ. P. 12(h)(3); Fontaine, 42 F. Supp. 3d at 108–09 (dismissing claim for lack of subject matter jurisdiction given plaintiff's clear lack of standing based on complaint's allegations); see also Fed. R. Civ. P. 41(b). This Court

5

dismisses this Complaint without prejudice and notes that those third parties, which Lone Eagle has advocated on behalf of, may file their own complaint jointly or individual complaints.

For the foregoing reasons, it is hereby

ORDERED that Plaintiff Elizabeth Lone Eagle's Complaint, Doc. 1, is dismissed without prejudice. It is further

ORDERED that all pending motions, including Lone Eagle's Motion to Electronically File Documents, Doc. 5, Mike Lees and David McVey's Motion to Quash, Doc. 15, Clean Nuclear Energy Corporation's Motion to Dismiss, Doc. 22, Ruddell Bear Shirt, Seth Eagle Bear, Darlene Hawk Wing, Beverly Larson, and Helen Red Feather's Motion for Interpreter and Translation Services, Doc. 26, and Ruddell Bear Shirt, Seth Eagle Bear, Darlene Hawk Wing, Beverly Larson, and Helen Red Feather's Motion to Appoint Counsel, Doc. 27, are denied as moot.

DATED this 16th day of July, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

6