## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH DAKOTA

## WESTERN DIVISION

|  |  |
|---|---|
| ELIZABETH LONE EAGLE, | 5:26-CV-05068-RAL |
| Plaintiff, | **PLAINTIFF'S APPLICATION TO PROCEED** |
| v. | **IN FORMA PAUPERIS ON APPEAL PURSUANT TO 28 U.S.C. § 1915** |
| SOUTH DAKOTA BOARD OF MINERALS AND ENVIRONMENT, et al., | |
| Defendants. | |

I, Elizabeth Lone Eagle, being duly sworn, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

## I. INTRODUCTION

Plaintiff Elizabeth Lone Eagle respectfully applies to this Court pursuant to 28 U.S.C. § 1915 for leave to proceed in forma pauperis on appeal, and for a finding that this appeal is taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3). Plaintiff is unable to pay the $605 appellate filing fee without depriving herself and her dependents of the basic necessities of life. Plaintiff's appeal raises non-frivolous legal questions regarding the procedural fairness of the dismissal of this case, as set forth in the accompanying Brief in Support.

## II. FINANCIAL CIRCUMSTANCES

## A. Income

Plaintiff's sole source of income is Social Security Disability Insurance (SSDI). Plaintiff's monthly SSDI income falls between $1,000 and $2,000. Plaintiff has no employment income, no self-employment income, no rental income, no investment income, and no other source of regular income. Plaintiff's spouse, Bud Lone Eagle Sr., suffered a massive stroke on May 23, 2026, three days after this case was filed. He was transported to Monument Health hospital in Rapid City, South Dakota, where he remained in the ICU from May 24 through June 9, 2026 — approximately two and a half weeks — before being transferred by medical transport flight to Madonna Rehabilitation Hospital in Lincoln, Nebraska on June 10, 2026, where he has been in acute care ever since. His medical situation has eliminated any possibility of supplemental household income.

## B. Expenses

Plaintiff's monthly expenses substantially exceed her monthly income and include the following:

Rent in Kyle, South Dakota — Plaintiff maintains her legal residence at 7958 Lakota Prairie Drive, Apartment 53, Kyle, South Dakota 57752, where her son, his partner, and her grandchildren are currently residing in Plaintiff's absence. This rent obligation continues regardless of Plaintiff's displacement.

Meals in Lincoln, Nebraska — Plaintiff is currently residing at Madonna Rehabilitation Hospital in Lincoln, Nebraska, where her husband is receiving acute rehabilitative care, as no other housing is available to her in Lincoln. The hospital provides Plaintiff with guest meal access at approximately $8.00 per tray. At three meals per day, this constitutes a meal expense of approximately $24.00 per day, or approximately $720.00 per month, paid entirely out of pocket from Plaintiff's fixed SSDI income. This single expense alone represents a substantial portion of Plaintiff's total monthly income.

Cell phone service — Plaintiff maintains cell phone service as her sole means of communication with her family in Kyle, her husband's medical team, and the court in this matter.

Internet and streaming services — Plaintiff maintains internet and related services as necessary tools for conducting legal research, accessing court documents, and managing this litigation pro se while displaced from her home.

Vehicle — Plaintiff owns one vehicle valued at under $4,000, which is currently being used by her son in Kyle, South Dakota to transport and care for Plaintiff's grandchildren in Plaintiff's absence. This vehicle represents Plaintiff's only significant asset.

## C. Dependents

Plaintiff has full legal, physical, and permanent custody of her grandchildren. Her home in Kyle, South Dakota is their home. Plaintiff's financial support of her grandchildren is ongoing and

unconditional, and continues regardless of her current temporary displacement to Lincoln, Nebraska during her husband's medical crisis.

## D. Summary

Plaintiff's fixed SSDI income is her sole financial resource. Her ongoing rent obligation, combined with out-of-pocket meal expenses of approximately $720 per month while residing at the hospital with her husband, and her continued financial support of her grandchildren, results in monthly expenses that substantially exceed her monthly income. Plaintiff has no savings, no assets of meaningful value, and no access to financial resources sufficient to pay the $605 appellate filing fee without depriving herself and her dependents of basic necessities. Additionally, as a result of the case being classified as closed, Plaintiff has been required to pay per-page PACER fees simply to access documents in her own case, further depleting her limited resources at a time when she is already operating at a deficit.

The barriers to meaningful participation in this litigation do not end with the dismissal. To file this Notice of Appeal, Application to Proceed In Forma Pauperis, Brief in Support, and Motion to Supplement the Record before the court-imposed deadline of August 15, 2026, Plaintiff must locate transportation from Madonna Rehabilitation Hospital in Lincoln, Nebraska, find access to a computer and printer, print and assemble all documents, and physically mail them to the Clerk's Office of the United States District Court for the District of South Dakota, Western Division, in Rapid City — all while remaining present at the rehabilitation hospital as her husband's sole support person during his acute care recovery. Plaintiff remains locked out of PACER with no

remaining backup codes and no workable path to restore access through the options available to her. She is preparing this appeal without complete access to her own case record, having been able to access only individual documents at per-page cost following the dismissal, and only by document number in a closed case system that provides no way to identify which documents she still needs without paying to open each one individually. The $605 appellate filing fee, assessed against these circumstances, would deprive Plaintiff and her dependents of basic necessities. It would also represent one more systemic barrier — added to those already documented in this application and the accompanying brief — standing between an indigent pro se litigant and meaningful access to the federal appellate process.

## III. GOOD FAITH BASIS FOR APPEAL

This appeal is not taken for purposes of delay or harassment. Plaintiff's appeal raises the following non-frivolous legal questions, as set forth more fully in the accompanying Brief in Support:

Whether the district court abused its discretion in dismissing this case rather than imposing lesser sanctions or extending time, where the failure to file an amended complaint resulted from documented extraordinary circumstances including a catastrophic family medical emergency beginning three days after filing, compounded by systemic access barriers including an unresolved motion for electronic filing access and a documented lockout from the PACER system during the critical amendment window.

Whether the district court's failure to rule on Plaintiff's pending motion for electronic filing access (Doc. 5), filed at the outset of the case and never adjudicated, directly contributed to the circumstances cited as grounds for dismissal, and whether a court may cite a pro se litigant's inability to file timely documents as grounds for dismissal when that inability was compounded by the court's own administrative inaction on a pending request for the tool that would have enabled timely filing.

Whether the district court treated the Lakota elder co-participants inconsistently by relying on their filings as evidentiary support for dismissal while simultaneously declining to recognize their party status when doing so would have cured the standing defect the court used as the basis for dismissal.

## IV. DECLARATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 31st day of July, 2026, in Lincoln, Nebraska.

Respectfully submitted,

Elizabeth Lone Eagle
Pro Se Plaintiff

7958 Lakota Prairie Drive, Apartment 53
Kyle, SD 57752
bridgeradvocate@gmail.com
605-200-6800

---

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of July, 2026, a true and correct copy of the foregoing the foregoing Application to Proceed In Forma Pauperis and Brief in Support were served upon the following parties by United States Mail, first class postage prepaid:

Matthew E. Naasz
Gunderson, Palmer, Nelson & Ashmore, LLP
506 Sixth Street, P.O. Box 8045
Rapid City, SD 57709
Attorneys for Clean Nuclear Energy Corporation

Amanda Miiller
Deputy Attorney General
1302 E. SD Hwy 1889, Suite 1
Pierre, SD 57501-8501
Attorneys for Mike Lees and David McVey

Elizabeth Lone Eagle